Argued and submitted September 29, 1989, affirmed February 14, reconsideration
denied April 25, petition for review denied June 5, 1990 (310 Or 121)

## STATE OF OREGON,
*Respondent,*

*v.*

## TROY ESTEL CHEEK, SR.,
*Appellant.*

(87C-22077; CA A49327)

786 P2d 1305

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Riggs, J., specially concurring.

Graber, P. J., dissenting.

**EDMONDS, J.**

Defendant appeals his conviction for violating the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO). ORS 166.715 *et seq.* He assigns as errors failure to grant his motion for judgment of acquittal, failure to instruct the jury as he requested and denial of his motion for a new trial. We affirm.

The indictment charged that, between 1982 and 1987, defendant committed a number of predicate acts that together constituted a pattern of racketeering activity. The allegations included thefts of tractors from dealers, thefts from insurance companies by false claims of loss, perjury related to the false claims, burglaries, arson of property owned by defendant to collect insurance and conspiracies to commit some of the crimes. The indictment alleged that defendant engaged in a pattern of racketeering activity while

> "[b]eing employed by and associated with an enterprise, to-wit [*sic*]: an association between and among the defendant individually and as the 'Circle Bar "D" and Beach Loop Horse Rental,' and [six named individuals], and others unknown to the Grand Jury[.]"

The state offered evidence that defendant committed each of the charged predicate acts, either with the assistance or through one or more men named in the indictment. Defendant's defense was that he had not conducted the alleged pattern of racketeering activity through an "enterprise." The issue is what constitutes an enterprise under ORICO when the alleged enterprise is carried on by an individual.

Defendant was charged with violating ORS 166.720(3), which provides:

> "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt."

ORS 166.715 provides definitions:

> "(2) 'Enterprise' includes any *individual,* sole proprietorship, partnership, corporation, business trust or other profit or nonprofit legal entity, and includes any union, association or group of individuals associated in fact although not

a legal entity, and both illicit and licit enterprises and governmental and nongovernmental entities.

"* * * * *

"(4) 'Pattern of racketeering activity' means engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents, provided at least one of such incidents occurred after November 1, 1981, and that the last of such incidents occurred within five years after a prior incident of racketeering activity." (Emphasis supplied.)

Defendant argues that an enterprise must have an ascertainable structure apart from an individual conducting unlawful activities with various associates. Otherwise, any person who commits multiple crimes is guilty of racketeering. He points out that under ORS 166.720(3), the state must prove an enterprise through a pattern of racketeering activity. He asserts that, if the same evidence establishes both an enterprise and a "pattern of racketeering activity," ORS 166.720(3) "becomes nothing more than a recidivist statute and the intent of the legislature to afford special protections against racketeering and corrupt organization is thwarted." He urges us to hold that, to establish an enterprise, the state must prove that the defendant and his associates had a common or shared purpose, functioned as a continuing unit and had an ascertainable structure distinct from the pattern of racketeering. He concludes by arguing that "[t]he evidence established only that he was involved with a number of separate individuals in a number of separate crimes."

The state argues that the evidence was sufficient to submit the charges to the jury. It points out that, although an enterprise and a pattern of racketeering are separate elements and proof of one does not necessarily establish the other, the same evidence can be used to establish both elements. Finally, it argues that defendant's requested instruction was erroneous, because it told the jury that the state must prove that "the various associates of the enterprise functioned as a continuing unit."

■ ■     ORS 166.720(3) requires the state to prove both a pattern of racketeering activity and an enterprise. We agree with the state that the same evidence might be probative of both elements. However, when the legislature included an *individual* within the definition of "enterprise," it must have meant to require proof of more than evidence of an individual committing multiple crimes with others. Because ORICO is directed against organized criminal activity, some connection between an individual and an organization must have been contemplated. *See* Frohnmayer, Arnold and Hamilton, "RICO: Oregon's Message to Organized Crime," 18 Will L Rev 1, 2-3 (1982).[1]

It is apparent that the legislature wanted to include *every* kind of enterprise within the definition of ORS 166.715(2). It is not unusual for an individual to act through an organization, group or structure that is separate from the individual to facilitate the commission of crimes. Because the statute requires proof of both an enterprise and a pattern of racketeering and is aimed at criminal activity that originates from a sense of organization, we hold that proof of an enterprise, as defined by ORS 166.715(2), must include proof of an on-going organization, however loose, that is distinct from the commission of separate criminal acts by an individual.

We apply that criterion to the evidence in this case to determine if the trial court erred in denying defendant's motion for judgment of acquittal. Defendant directed a group of young men from broken families over a four-year period to commit 28 different crimes. He chose the site of the crimes, planned their commission, instructed the others on how to commit them and provided them with the means necessary for the commission. The jury was entitled to infer that defendant acted through an organization in accomplishing his criminal objectives and thus functioned as an "enterprise." For the

---

[1] The authors, the attorney general and two assistant attorneys general, were the primary promoters of ORICO and wrote the article to explain its provisions. Professor Robert Blakely drafted the model for the Oregon RICO statute. He explained to the legislature that the nature of criminal activity had changed and that new legislation was necessary to deal with multiple criminal activity that resulted from formal or informal organizations that traditional criminal prohibitions failed to cover. The legislation, he said, would give the prosecutors a tool to reach persons behind otherwise isolated acts of criminal conduct who were in fact responsible for those crimes. Minutes, Senate Justice and House Judiciary Committees, April 23, 1981.

same reason, the trial court did not err in denying defendant's motion for a new trial.

■    Defendant requested that the trial court instruct the jury: "To prove an 'enterprise' under the statute, the State must prove an on-going organization, formal or informal, and that the various associates of the enterprise functioned as a continuing unit." Defendant offered evidence that the young men that he recruited at various times were unaware of other crimes that defendant was committing with other associates. In most instances, one associate was not acquainted with another associate. Defendant assigns error to the court's failure to give the instruction. The trial court did not err, because the instruction is not a correct statement of law. Although the state had to prove an on-going organization, the associates in that organization might come and go. The proffered instruction would erroneously have told the jury that the associates must have continued to function as a unit, *i.e.,* that every associate has to be involved in some manner with each predicate offense.

The dissent argues that we err by defining the issue as to what constitutes an enterprise when the enterprise is an individual. It points out that the enterprise that was charged was "an association between and among the defendant individually and as the Circle Bar 'D' and Beach Loop Horse Rental * * *." Although the evidence showed that defendant operated under those assumed business names, for the most part, his criminal activities were unrelated to the operation of those businesses. When the evidence is compared with the language of the indictment, we reject the dissent's premise that the enterprise that was charged was *not* an individual.

The dissent also takes us to task for not mentioning the underlying federal analysis of defendant's preferred instruction and points to *United States v. Turkette,* 452 US 576, 583, 101 S Ct 2524, 69 L Ed 2d 246 (1981), as the source of the instruction. We read *Turkette* to stand for the proposition that the existence of an enterprise is a separate element that the government must prove in addition to proving a pattern of racketeering activity. Defendant offered his instruction for a different purpose, *i.e.,* to impose a requirement that every associate in committing each offense be shown to be involved

in some manner with each predicate offense. In explaining his theory, defense counsel told the trial court:

"All seven names [listed in the indictment] have to be involved in some manner with the predicate offenses. They don't have to have directly participated in the crime, the predicate offense itself, but each predicate offense there has to be a nexus between the predicate offense and Zimmerman, Tweaton, Schaeffer, Backes, Ruby, Cheek, et cetera, et cetera. So that if you show there were three of them or two of them or whatever, that certainly would fail."

Had the trial court done as requested, defendant would have had a vehicle with which to argue to the jury an improper principle of law.

Affirmed.

**RIGGS, J.,** specially concurring.

I agree with the majority's result in affirming defendant's conviction for violating the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO). It holds that the trial court did not err in failing to give defendant's requested instruction defining "enterprise" under the statute, because the proffered instruction is not a correct statement of the law. Although I agree that the defendant's instruction is not a correct statement of the law, I would also hold that it is not necessary for the state to prove an ongoing organization in order to establish the existence of an enterprise. ORS 166.715(2) provides, in pertinent part, that an " '[e]nterprise' includes any *individual,* sole proprietorship, partnership, corporation, business trust or other profit or nonprofit legal entity * * *." (Emphasis supplied.) An individual is "a single human being as contrasted with a social group or institution." *Webster's Third International Dictionary* 1152 (1976).

We do not need to create a definition of "enterprise" that requires that the term "individual" be given a highly specialized gloss. We have no indication that the legislature intended either "individual" or "enterprise" to be so circumscribed. We should apply the principle of statutory construction that words of common usage should be given their common meaning. *Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980). The legislature enacted ORICO as a tool to prosecute organized crime, even criminal enterprises

organized and operated by only one person. An individual who knowingly buys and sells stolen goods, but never buys or sells goods more than once from the same person, would be within the scope of ORICO.

As I understand Judge Edmonds' and Judge Graber's analysis, that conduct would not be covered by ORICO. Although it is possible that ORICO, as I read it, might permit the conviction of an individual recidivist, the plain meaning of the word "individual" in the statute suggests that that possibility was within the contemplation of the legislature when it enacted this crime-fighting tool.

For these reasons I concur.

**GRABER, P. J.,** dissenting.

I dissent. Although I agree with the lead opinion's analysis of the other issues, I would reverse and remand for a new trial because of the trial court's failure to give defendant's requested instruction defining "enterprise." Unlike the majority, I believe that the requested instruction correctly states the law and that its absence may have affected the verdict.

To prove that defendant had violated ORS 166.720(3), the state had to prove *both* that he was employed by or associated with an enterprise *and* that he participated in that enterprise through a pattern of racketeering activity. ORICO is directed against organized criminal activity; some connection with an organization is necessary to turn a series of standard crimes into an ORICO violation. *See* Frohnmayer, Arnold and Hamilton, "RICO: Oregon's Message to Organized Crime," 18 Will L Rev 1, 2-3 (1982). Under ORS 166.720(3), the enterprise is the entity through which a defendant conducts a pattern of racketeering activity. If there is no enterprise, there can be no unlawful racketeering. The meaning of enterprise, therefore, is central to ORS 166.720(3).

Despite its importance, the definition of "enterprise" in ORS 166.715(2) is incomplete.[1] It is not enough, as the state

---

[1] In contrast, the definition of "[p]attern of racketeering activity" states what the phrase "means" and is complete. *See Computer Concepts, Inc. v. Brandt,* 98 Or App 618, 630-32, 780 P2d 249 (1989). The definition of "enterprise" in 18 USC § 1961(4) is, like the ORICO definition, incomplete. *See United States v. Bledsoe,* 674 F2d 647, 663 n 9 (8th Cir), *cert den* 459 US 1040 (1982). The state contends that *United States v. Hewes,* 729 F2d 1302, 1316-17 (11th Cir 1984), *cert den* 469 US 1110 (1985), approved

asserts, to say simply that certain individuals and groups are "include[d]." Taken by itself, the statutory definition would permit the conviction, under ORICO, of an individual who simply committed a series of related crimes; it would, as defendant argues, make ORICO into a recidivist statute. That was not the legislature's purpose when it adopted ORICO. Rather, it intended to focus on "groups of people [who] through division of labor, specialization, diversification, complexity of organization, and the accumulation of capital, turn crime into an ongoing business." *United States v. Elliott,* 571 F2d 880, 884 (5th Cir), *cert den* 439 US 953 (1978), *quoted in* Frohnmayer, Arnold and Hamilton, *supra,* 18 Will L Rev at 2 (1982). The legislature wanted to make sure that it had included every *kind* of enterprise within the definition, not that it had fully defined the underlying concept of enterprise.

Because the statutory definition is incomplete, we should look to other sources, beginning with ordinary usage, to complete the meaning of the term. *Webster's Third New International Dictionary* 757 (1976), defines "enterprise" as "a unit of economic organization or activity (as a factory, a farm, a mine); *esp* : a business organization : FIRM, COMPANY."[2] A necessary aspect of the organizations described is that they have structures independent of the people who operate them.

If we use the dictionary definition to complete the definition of enterprise in ORS 166.715(2), any organization,

---

an instruction that only gave the statutory definition and described the indictment. In that case, the defendant's requested additional instruction was incorrect, because it proposed to tell the jury that every defendant must be associated with the enterprise throughout its life. Moreover, the court wrote that "it would be preferable for trial courts to flesh out the bare words of the statute" and noted: "We express no opinion as to whether merely repeating the statutory definition is legally sufficient." 729 F2d at 1316 and 1316 n 16.

[2] ORS 165.075(3) defines "enterprise" for the purpose of the business fraud statutes as

"any private entity of one or more persons, corporate or otherwise, engaged in business, commercial, professional, charitable, political, industrial or organized fraternal activity."

That definition, unlike the one in ORS 166.715(2), states what the word *means,* not what it *includes.* It is complete in itself. Although it does not directly apply to ORICO, it, like the dictionary definition, treats an enterprise as something that is engaged in organized activity and that has independent structure and activity. Those are characteristics of enterprises in general; the prohibition in ORS 166.720(3) on conducting a pattern of racketeering activity through an enterprise assumes them. Those characteristics, therefore, are part of the ORICO definition of "enterprise."

licit or illicit, formally created or informal, may be an enterprise. An individual who acts through some structure that is separate from the individual in his or her personal capacity may be an enterprise. There must, however, be an organization. That conclusion is consistent with cases under the federal RICO Act[3] that hold that a sole proprietorship may be an enterprise, at least if it has employees, and that the proprietor may associate with the proprietorship in conducting a pattern of racketeering activity. *See United States v. Benny,* 786 F2d 1410, 1414-16 (9th Cir), *cert den* 479 US 1017 (1986).

Instead of giving any of defendant's requested instructions, the court simply read the statutory definition of enterprise, ORS 166.715(2), and the pertinent part of the indictment. Defendant assigns as error the trial court's failure to give this additional instruction:

> "To prove an 'enterprise' under the statute, the State must prove an ongoing organization, formal or informal, and that the various associates of the enterprise functioned as a continuing unit."

Defendant derived that instruction from *United States v. Turkette,* 452 US 576, 583, 101 S Ct 2524, 69 L Ed 2d 246 (1981):

> "In order to secure a conviction under RICO, the Government must prove both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.' The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. * * * The former is proved by *evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.* The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. * * * The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains

---

[3] ORICO is modeled after the federal RICO Act, and we have held that federal cases are helpful in construing it. *State v. Blossom,* 88 Or App 75, 78-79, 744 P2d 281 (1987), *rev den* 305 Or 22 (1988). Although there are differences between the acts that require us to use federal cases with some care, it is surprising that the lead opinion does not mention federal analyses of the issue that it decides. The lead opinion does not give any weight to the fact that the instruction in question comes *directly* from a United States Supreme Court opinion and would clearly be correct under federal RICO.

a separate element which must be proved by the Government." (Emphasis supplied.)

The Supreme Court's discussion in *United States v. Turkette, supra,* of the role of those elements in the federal RICO Act correctly describes their role under ORICO, aside from the "nexus to an enterprise" requirement for a pattern of racketeering under ORICO. The proposed instruction correctly states the law in this case, in which the indictment charged that the enterprise was "an association between and among the defendant individually and as the 'Circle Bar "D" and Beach Loop Horse Rental,' and [six named individuals], and others unknown to the Grand Jury." The lead opinion's error in this case begins with the assertion that "[t]he issue is what constitutes an enterprise under ORICO when the alleged enterprise is carried on by an individual." 100 Or App at 503. *Defendant* is an individual, but the *enterprise* that was charged is *not* an individual. We need not decide whether the requested instruction would be proper in a true "sole proprietorship" case.

The lead opinion's error continues with the assertion that "[t]he proffered instruction would erroneously have told the jury that the associates must have continued to function as a unit, *i.e.,* that each associate has to be involved in some manner with each predicate offense." 100 Or App at 506. The proposed instruction states the requirement that the "*various* associates of the enterprise function[] as a continuing unit." (Emphasis supplied.) That wording correctly suggests that different associates can come and go if the structure operates as a continuing unit.

The requested instruction was not only a correct statement of the law, it also was necessary to a full and accurate understanding of what the state had to prove. For that reason, the court erred in refusing to give it. There was evidence to support a conviction under the correct statement of the law, so I agree with the majority that the court did not err in refusing to direct an acquittal.[4] However, the evidence might have led the jury to have a reasonable doubt about

---

[4] The state correctly points out, and the majority and I agree, that the same evidence may prove more than one element of the ORICO violation. *See, e.g., United States v. Mazzei,* 700 F2d 85 (2d Cir), *cert den* 461 US 945 (1983).

whether there was an enterprise or whether defendant had simply committed a series of crimes with the wholly *ad hoc* assistance of a varying collection of individuals. The failure to give the instruction, therefore, was not harmless.

I dissent.